UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| *versus* | § § | **CRIMINAL DOCKET H-06-421-02** |
| | § | **JUDGE EWING WERLEIN, JR.** |
| **ADNAN MIRZA** | § | |

## MOTION FOR BILL OF PARTICULARS

*TO THE HONORABLE JUDGE EWING WERLEIN, JR.:*

Adnan Mirza, pursuant to Rule 7(f), Federal Rules of Criminal Procedure, presents this motion for a bill of particulars, and provides the following in support of this request:

I

The defendant requests this court enter an order directing the Assistant United States Attorney, within a time to be specified by the court, to furnish to the defendant a written bill of particulars as to the following matters requested below:

1. State whether there are any known or unknown unindicted co-conspirators;

2. State the name(s) and address(es) of any known unindicted co-conspirators;

3. State the exact date the alleged conspiracy was allegedly formed;

4. State where in the Southern District of Texas the defendant allegedly unlawfully, willfully and knowingly conspired with one another;

5. State where else, other than in the Southern District of Texas, the defendant allegedly unlawfully, willfully and knowingly conspired;

6. State the dates, times, and places where it is alleged that the defendant engaged in the violations listed in the indictment.

7. State the exact manner in which the defendant conspired to provide material support to a prohibited organization, and which specific organization was the object of the conspiracy.

These matters are essential so that the defendant may (1) be adequately apprised of the nature

and scope of the accusations against his, (2) have an opportunity to adequately prepare his defense, (3) avoid prejudicial surprise at trial; (4) clarify the issues and avoid confusion and delay at trial; and (5) be protected against a second prosecution for the same offense.

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR BILL OF PARTICULARS

Rule 7(f), as amended in 1966, provides:

> "Bill of Particulars:  This court may direct the filing of a bill of particulars. A motion for bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit.  A bill of particulars may be amended at any time subject to such conditions as justice requires."

The amendment to the first sentence eliminated the requirement of a showing of cause.  This was designed to encourage a more liberal attitude by the courts towards bills of particulars.

In United States v. O'Connor, 237 F.2d 466 (2nd Cir. 1956), the Second Circuit held that Bills of Particulars and other pretrial discovery rules "should be liberally construed" to enable the accused to meet the charges presented against him.  Further, in United States v. Glaze, 313 F.2d 757 (2nd Cir. 1963), where the Government, in response to a court ordered Bill, had given only one of the two narcotics agents making a purchase from the defendant, the Second Circuit stated:

> "We have observed that the Government, on occasion, objects to granting particulars even though no disadvantage to it can be ascertained.  In so doing, it follows a policy which has gradually fallen into disfavor in our courts of criminal justice -- that it should reveal but the bare minimum of the elements of the offense charged so as to satisfy in the most cursory manner the requirement that the Defendant be apprised of enough information to aid him in the preparation of his defense.  We do not say that the Government need give away every aspect of its case, nor that it reveal its evidence.  But we do say that a balance fair to both sides can be struck, by a conscientious endeavor to avoid surprise at trial."  Id. at 761.

Circuit Judge Hincks, while sitting as a district judge added in United States v. Dolan, 113 F.Supp. 757 (D.Conn. 1953);

> "Indeed, in my view, the function of such a bill is even broader:  I think it may be invoked to save a Defendant wholly needless labor in preparing his defense."

For cases in which the Court has ordered that the role of each participant in a crime be designated, see United States v. Van Allen, 28 F.R.D. 329, 338 (S.D. N.Y. 1961); United States v. Lieberman, 15 F.R.D. 278, 280-281 (S.D. N.Y. 1953).

With respect to the request for particulars as to time, date and place of the alleged offense

2

and acts in furtherance thereof, the cases are almost uniform in ordering full particulars.  See United States v. Glaze, 313 F.2d 757 (2nd Cir. 1963) (the date, place and purchaser of narcotics); Myles v. United States, 170 F.2d 443 (5th Cir. 1948) (identity of property stolen), United States v. Peace, 16 F.R.D. 423 (S.D. N.Y. 1954) (the date and amount of conversions by government employees); United States v. Wilson, 20 F.R.D. 569 (S.D. N.Y. 1952) (the date, place and purchaser of narcotics). The same particulars are granted with respect to overt acts in conspiracy counts which are comparable with acts committed to carry out the alleged scheme of this case.  See United States v. Kahaner, 203 F.Supp. 791 (S.D. N.Y. 1962); United States v. Pilnick, 267 F.Supp. 791 (S.D. N.Y. 1967) (identification of all co-conspirators, certain telephone calls, name and address of customer and place of "meeting with customer" and copy of each thing named in certain counts including mailing envelope).

More particularly as to requests 1 and 2, see United States v. Briggs, 514 F.2d 794, 805 (5th cir. 1975).  As to requests 3, 4 and 5, see United States v. Moore, 57 F.R.D. 640 (D.C. Ga. 1972); United States v. Glaze, supra. Cf. United States v. Baca, 494 F.2d 424 (10th Cir. 1974).  Finally, as to items 6 and 7, compare (in addition to above authorities), Aggers v. United States, 366 F.2d 744 (8th Cir. 1966); Sartain v. United States, 303 F.2d 859 (9th Cir. 1962).

All items requested by the defendant fall within the proper scope of the Bill of Particulars.

Respectfully submitted,

/s/ David Adler

_____

David Adler
State Bar of Texas 00923150
Federal Identification 17942
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorney for Defendant,
Adnan Mirza

3

## CERTIFICATE OF SERVICE

This motion was served upon the government via e-mail on November 12, 2009.

/s/ David Adler
_____
David Adler

## CERTIFICATE OF CONFERENCE

The Assistant United States Attorney is opposed to this motion.

Dated: November 12, 2009

/s/ David Adler
_____
David Adler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| *versus* | § § | **CRIMINAL DOCKET H-06-421-02** <br> **JUDGE EWING WERLEIN, JR.** |
| **ADNAN MIRZA** | § | |

### ORDER

The defendant's motion for a bill of particulars is:

Granted.

Denied.

Signed on _____, 2009.

_____
Ewing Werlein, Jr.
United States District Judge